NOT FOR PUBLICATION                              (Docket Nos. 27, 29)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

```
_____
                               :
WILLIAM E. ASQUITH,            :
                               :
          Plaintiff,           :   Civil No. 05-1718 (RBK)
     v.                        :   OPINION
                               :
ERIC TAYLOR, et al.,           :
                               :
          Defendants.          :
_____:
```

**KUGLER**, United States District Judge:

This matter comes before the Court on its own motion pursuant to 28 U.S.C. § 1915(e)(2), and separate motions by Defendants Devon Brown ("Brown") and Prison Health Services, Inc. ("PHSI"), for summary judgment of the claims of Plaintiff William E. Asquith ("Plaintiff"), a former inmate at Camden County Correctional Center ("CCCC"). For the reasons set forth below, Defendants' motions will be granted and Plaintiff will be ordered to amend his Complaint to state a claim.

I.  **Background**

Plaintiff filed a Complaint and an application to proceed in forma pauperis ("IFP") on March 30, 2005, alleging that the conditions in the CCCC were cruel and unusual in violation of the Eighth Amendment. Plaintiff lists specific grievances as follows: "Conditions of the jail Health issues, Medial [sic], Violence,

Overcrowding, Admissions, Sleeping area's Cruel and Unusual Punishment in General, Food, Maintance [sic] in housing in particular, Strip searching Pretrial condition of detainment, Protection from Violence, Etc." (Pl. Compl.) Plaintiff also provided a lengthy typed Complaint, detailing the allegedly unconstitutional conditions. This Court granted Plaintiff's motion to proceed IFP on August 1, 2006.

Defendant Brown filed a motion for summary judgment in lieu of an answer on November 4, 2005, and PHSI filed a motion for summary judgment on November 18, 2005. Plaintiff has not opposed Defendant's motions.[1]

## II.   Standard for Summary Judgment

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could find for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

---

[1] On March 16, 2006, Plaintiff filed a letter requesting a stay on the grounds that he was recently attacked and beaten in his cell. However, because the motions addressed in this Opinion were filed in November, 2005, several months prior to Plaintiff's request, and because Plaintiff's request has no bearing on the issues presented, the Court will proceed to adjudicate the motions. See Taylor v. Kurtz, 2004 WL 2414847 (W.D.N.Y. 2004) (denying stay and granting summary judgment on grounds that further discovery would not change the outcome).

248 (1986).

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. Celotex, 477 U.S. at 330. The moving party may satisfy this burden by either (1) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case. Id. at 331. Once the moving party satisfies this initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "If the non-movant's evidence on any essential element of the claims asserted is merely 'colorable' or is 'not significantly probative,' the court must enter summary judgment in favor of the moving party." Heffron, 270 F. Supp. 2d at 69 (citing Anderson, 477 U.S. at 249-50).

**III. Prison Health Services, Inc.**

Defendant PHSI, improperly captioned as "P.H.S. Medical," moves for summary judgment on the grounds that it was not the medical provider for CCCC at any time during Plaintiff's incarceration. PHSI counsel sent a letter to Plaintiff dated October 24, 2005, requesting a voluntary dismissal, but Plaintiff did not respond. Plaintiff has not opposed PHSI's motion or

provided any evidence to counter PHSI's assertions.[2]

In support of its motion, PSHI offers the Certification of Gale Gargiulo ("Gargiulo"), Executive Vice President/Chief Operating Officer of Correctional Health Services, Inc. Gargiulo asserts that PHSI held a contract to provide medical care to CCCC inmates until December 1, 2004, at which point a different medical provider, the Center for Family Guidance, assumed responsibility for CCCC medical needs. (Gargiulo Cert. ¶ 4-5.)

However, according to Plaintiff's medical chart, he was not an inmate at CCCC until January 5, 2005. (Gargiulo Cert. ¶ 3.) All evidence therefore indicates that Plaintiff was not incarcerated at CCCC until approximately one month after PHSI ceased to provide medical care at CCCC. Accordingly, although Plaintiff's alleged injury is unclear, he fails to establish the possibility of any nexus between an injury and PHSI, and PHSI's motion to dismiss will be granted.

**IV.  Commissioner Devon Brown**

Defendant Brown, Commissioner of the New Jersey Department of Corrections, moves for summary judgment on the grounds that

---

[2] Although Plaintiff has provided no opposition to the present motions for summary judgment, a court may not grant a motion for summary judgment without examining the merits, solely on the basis that it is unopposed. Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991) (citing Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev., 922 F.2d 168 (3d Cir. 1990)). The Court must proceed to ascertain whether the moving party has satisfied its burden of establishing the nonexistence of a "genuine issue." Celotex, 477 U.S. at 330.

Plaintiff did not allege that Brown caused him any injury. Plaintiff does not oppose the motion.

It is well established that 42 U.S.C. § 1983 does not create a cause of action for vicarious liability. Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988). Consequently, liability under § 1983 adheres only where the defendant was personally involved in the alleged wrongs. Id. However, although a defendant may be liable where he "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm," Stoneking v. Bradford Area Sch. Dist., 882 F.2d 720, 725 (3d Cir. 1989), "[a]llegations of participation or actual knowledge and acquiescence . . . must be made with appropriate particularity." Rode, 845 F.2d at 1208 (citations omitted). Accordingly, where a prisoner plaintiff in a civil rights suit does not allege that a defendant "participated directly or indirectly in the circumstances constituting [his] claim, . . . no claim existed for which relief may be granted." Brown v. Sielaff, 474 F.2d 826, 827 (3d Cir. 1973) (dismissing state prisoner's suit against the Commissioner of Correction for failure to state a claim under § 1983).

As the Commissioner of the Department of Corrections, Brown is responsible for overseeing state correctional facilities. (Def. Brown Mat. Facts at ¶ 8.; Brown Cert. at ¶ 2,4.) Brown does

not directly administer or supervise county correctional institutions, such as CCCC, nor does he participate in hiring, training, supervising or disciplining, staff or creating polices and procedures for the facilities. (Def. Brown Mat. Facts at ¶ 6.) Rather, under N.J.S.A. 30:8-17, responsibility for the care of county jails is vested in individual sheriffs or wardens of the county. (Brown Cert. at ¶ 3.)

Plaintiff has not claimed that Brown has any actual knowledge of the alleged unconstitutional conditions, or that Brown otherwise bore any responsibility for CCCC administration. Accordingly, Plaintiff's claim against Brown will be dismissed for lack of any allegations or evidence that Brown was personally involved in the allegedly abusive conditions at CCCC.

**V.   Sua Sponte Analysis**

28 U.S.C.A. § 1915(e)(2) instructs courts to dismiss suits filed by plaintiffs proceeding in forma pauperis ("IFP") "at any time if the court determines that . . . (B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2). In assessing the potential deficiency of an IFP complaint, the Court must nevertheless be mindful to construe pro se plaintiffs' complaints liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United

States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). Even construing the Complaint with the lenience accorded pro se plaintiffs, this Court now finds that Plaintiff has set forth no claim indicating that he is entitled to relief.

To have standing to sue, "a plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Booth v. King, 346 F. Supp. 2d 751 (E.D. Pa. 2004) (quoting Allen v. Wright, 468 U.S. 737, 751 (1984)). Because, a plaintiff has standing only where he has personally experienced past or imminent "actual injury," Lewis v. Casey, 518 U.S. 343, 351 (1996), a prisoner cannot raise claims on behalf of others or to bring general allegations about prison conditions. Rather, the plaintiff must allege that the unconstitutional conditions affected him personally. Swoboda v. Dubach, 992 F.2d 286, 289-90 (10th Cir. 1993) (finding prisoner without standing where he alleges only "general observations or complaints on behalf of other prisoners" regarding jail conditions).

Though lengthy, Plaintiff's Complaint does not allege that any unconstitutional conditions caused Plaintiff injury in violation of his Eighth Amendment rights. By and large, Plaintiff's Complaint consists of allegations on behalf of other prisoners, including female prisoners, "transfer eligible inmates," and "inmates who aren't getting medication for

addictions." (Pl. Compl.) Plaintiff's remaining claims are general and nonspecific, without reference to any incidents or injury Plaintiff himself experienced. Plaintiff lacks standing to bring these and any other claims related to conditions that did not injure him personally.

    Because Plaintiff has alleged no past or imminent actual injury, he fails to state a claim on which relief could be granted. Accordingly, Plaintiff will be ordered to amend his Complaint to allege a specific personal injury.

    The accompanying Order shall issue today.

Dated:  __4-7-06__           __S/Robert B. Kugler__
                              ROBERT B. KUGLER
                              United States District Judge